```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT K. JONES,
                    Plaintiff,              07-CV-0383-S

          v.                                DECISION
                                            and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Robert K. Jones ("Jones" or "the Plaintiff") brings this action pursuant to 42 U.S.C. §405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Paula F. Garrety, which denied his application for benefits, was in error as it was not supported by substantial evidence contained in the record.

Both the Commissioner and the Plaintiff move for judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"). The Commissioner claims that the ALJ's decision was supported by substantial evidence in the record whereas Plaintiff claims that the Commissioner's decision was erroneous. This Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence and is in accordance with applicable law. Therefore the Commissioner's motion for judgment

on the pleadings is hereby granted and the plaintiff's motion is denied.

## BACKGROUND

On July 15, 2004, Plaintiff filed an application for DIB claiming a disability since November 11, 2003, due to a heart condition and post status gunshot wound in his right leg. (Tr. 51-52). Plaintiff, who was 48 years old with two years of college education, and had previously worked as a construction worker that required heavy lifting. (Tr. 20-21, 52-53). Plaintiff's application was initially denied by the Social Security Administration on November 2, 2004. Plaintiff filed a timely request for a hearing, which was held before ALJ Paula Garrety on August 31, 2006. In a decision dated September 18, 2006, the ALJ found Plaintiff not disabled within the meaning of the Social Security Act. On May 11, 2007, the ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review of the ALJ's denial. Plaintiff filed this action on June 24, 2007.

## DISCUSSION

### I. Jurisdiction and Scope of Review

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. See Mathews v. Eldridge, 424 U.S. 319, 320 (1976). In addition, Section 405(g) directs that the

District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Section 405(g) thus limits this court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

Both Plaintiff and Defendant move for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure. Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.S. § 405(g) (2007). Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

Because this Court finds that the ALJ's decision was supported by substantial evidence and the record contains substantial evidence such that further evidentiary proceedings would serve no further purpose, judgment on the pleadings is hereby granted in favor of the Commissioner.

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ's decision followed the Social Security Administration's five-step evaluation analysis in finding that Plaintiff was not disabled within the meaning of the Social Security Act. See 20 C.F.R. § 404.1520.[1]

---

[1] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

Under step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. at 18). At step two, the ALJ found that Plaintiff's severe impairments were coronary heart disease, diabetes mellitus, obesity, and right leg impairment status post gunshot wound. Id. However, the ALJ found that these impairments did not meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4., (listings 1.02 (Major Dysfunction of Joints), 4.04 (Ischemic heart disease), and 9.08 (diabetes mellitus). (Tr. at 18-19).

The ALJ concluded that despite his impairments, Plaintiff's residual functional capacity ("RFC") allowed him to perform the full range of requirements for sedentary work. (Tr. at 20). While Plaintiff's RFC excluded him from performing his past relevant work as a construction worker under step four, the application of the Medical-Vocational Guidelines directed the conclusion that Plaintiff was not disabled. (Tr. at 21).

### A. The ALJ's determination of Plaintiff's RFC was supported by substantial evidence from the record.

In determining Plaintiff's RFC, the ALJ relied on all relevant evidence in the record to find that Plaintiff was capable of performing work available in the national and regional economy which was limited to a full range of sedentary work. See 20 C.F.R. § 404.1545(a)(1). The ALJ determined that the Plaintiff was able to perform work that involved frequent sitting and lifting up to

10 pounds occasionally. (Tr. at 19). The ALJ's holding is consistent with the findings and conclusion of his treating physician, Dr. Contino and the State Agency disability adjudicator, as well as considering Plaintiff's subjective complaints and daily activities. (Tr. at 19-20). The plaintiff also claims that the ALJ's residual functional capacity finding did not account for any of plaintiff's non-exertional limitations and their impact on plaintiff's ability to sustain work on a regular basis. However, an examination of the record reveals that the ALJ considered the non-exertional limitations along with the complete medical record in determining the plaintiff's residual functional capacity. The ALJ's RFC assessment that Plaintiff was capable of performing a full range of sedentary work, without additional limitations, is supported by substantial evidence in the record.

> **i. The ALJ properly evaluated Plaintiff's claims of nonexertional limitations.**

Plaintiff alleges that in determining his RFC, the ALJ did not consider the effect that his debilitating pain, fatigue, and shortness of breath would have on his ability to perform a full range of sedentary work. Pl. Br. at 6. However, the ALJ's determination did not discount Plaintiff's complaints, which were evidenced only by his own subjective remarks. (Tr. at 51-52, 341-342, 344, 345). Instead, the ALJ considered Plaintiff's complaints of shortness of breath, fatigue, and chest pain along with the medical evidence and Plaintiff's testimony in the record in

concluding that Plaintiff was capable of performing a full range of sedentary work. (Tr. at 20).

The medical evidence does not support Plaintiff's claim of having limitations from fatigue or pain based on opinions of his treating physician, Dr. Contino who treated him for his heart condition. (Tr. at 51). On June 14, 2004, Plaintiff was admitted to the Millard Fillmore Hospital with complaints of chest pain. (Tr. at 122). Given the significant stenosis in the right coronary artery, a stent was placed in the mid right coronary artery on June 18, 2004. (Tr. at 123). When Plaintiff was discharged on June 19, 2004, he denied having any chest pain. Id. In a follow-up report completed by Dr. Contino on August 16, 2004, Dr. Contino stated that Plaintiff has had no chest pain since the stenting procedure. (Tr. at 143). Furthermore, Dr. Contino did not list any limitations on Plaintiff's physical activity. (Tr. at 147).

On October 24, 2004, Dr. Contino submitted another evaluation of the Plaintiff, who was examined on September 21, 2004. (Tr. at 149, 157). In this evaluation, Dr. Contino notes that Plaintiff continues to be stable and without chest pains. (Tr. at 150). In addition, he states that questions regarding the presence of fatigue and limitations on physical activities were inapplicable. (Tr. at 156). Lastly, in Dr. Contino's Chest Pain Description Treating Physician Data Sheet, which was completed on August 25, 2006, he states that while Plaintiff's chest pain is exacerbated by

exertion, no chest pain has occurred since the placement of Plaintiff's stent in June of 2004. (Tr. at 320). The only portion in Plaintiff's medical records that indicate Plaintiff suffering from chest pain during the period from June 15, 2004 to June 19, 2004, while hospitalized for his heart attack. (Tr. at 122).

Further, a State Agency disability adjudicator completed an RFC assessment for Plaintiff on November 2, 2004. (Tr. at 158-63). The adjudicator concluded that Plaintiff had the capacity to frequently lift 10 pounds, stand/walk for about six hours in an eight hour workday, and sit for about 6 hours in an eight hour workday. Based on the adjudicator's assessment of Plaintiff, it is within Plaintiff's capacity to perform the full range of sedentary work. See Social Security Ruling 96-9p. Moreover, the ALJ did consider the impact of Plaintiff's leg injury and diabetes, but found it not to impact his ability to perform sedentary work. (Tr. 19-20). The ALJ's determination relied on the disability adjudicator's assessment and Plaintiff's statements. Id. First, the disability adjudicator's assessment concludes that Plaintiff's gait and station are not affected by his alleged leg injury. (Tr. at 159). Second, Plaintiff's injury occurred 20 years ago and there is no medical evidence in the record that Plaintiff is currently receiving any treatment for his leg injury or that it limited him during his last occupation as a construction worker. Plaintiff also states that his past leg injury causes daily pain,

but he finds relief by taking two Aleve tablets a day. (Tr. at 81). Accordingly, this evidence supports the ALJ's conclusion that Plaintiff's leg injury would not affect his capacity to perform a full range of sedentary work. Lastly, the ALJ relied on Dr. Contino's medical reports to conclude that Plaintiff's diabetes had no functional impact on Plaintiff. (Tr . at 159). There is no evidence in the record that would suggest that Plaintiff's non-insulin dependent diabetes would impact his ability to perform a full range of sedentary work.

Therefore, the medical evidence and Plaintiff's own statements regarding his capacity to perform daily activities supports the ALJ's decision that Plaintiff does not suffer from limitations that would erode his capacity to perform the full range of sedentary work.

### ii. **The ALJ properly considered Plaintiff's daily activities in evaluating his ability to function.**

Plaintiff's allegation that the ALJ erred in using his daily activities to support her assessment is incorrect. (Pl. Br. at 7). Under Social Security Ruling 96-8p, requires an ALJ must base his assessment on all the relevant evidence in the record, including daily activities.

The ALJ properly relied on Plaintiff's daily activities to assess the credibility of Plaintiff's complaints of fatigue and pain. While the ALJ found Plaintiff's complaints to be credible, the extent of their impact on his ability to work was contrasted by

his capacity to carry out daily activities. (Tr. at 20). Plaintiff asserted that he is primary caretaker for his daughter and does "everything" for her and himself. (Tr. at 77-81). Plaintiff's statements indicated that his pain does not limit his ability to clean the house, cook, or do the laundry. (Tr. 77-78). The ALJ utilized Plaintiff's capacity to perform these daily activities as support for rejecting Plaintiff's subjective claims that he needs multiple breaks throughout the day. (Tr. at 20). The ALJ's reliance on consideration of Plaintiff's daily activities is clearly supported by Social Security Ruling 96-8p.

### B. **The ALJ's reliance on the Medical-Vocational Guidelines was proper.**

Given the ALJ's conclusion that Plaintiff did not have any nonexertional limitations, her exclusive use of the Medical-Vocational guidelines was proper. See SSR 83-11. When a claimant's age, physical ability, work experience, and education correspond with the job requirements listed on Medical-Vocational guidelines, the guidelines direct a conclusion of disabled or not disabled. See Heckler v. Campbell, 461 U.S. 458 (1983). In the ALJ's fifth step of analysis, she relied on Plaintiff's RFC, age, education, and work experience to conclude that Plaintiff was capable of performing a significant number of jobs existing in the national economy. (Tr. at 21). Plaintiff was forty-five years old on the alleged onset date of his disability with two years of college experience and the capacity to perform sedentary work. (Tr. at 19-

21, 57). Plaintiff's qualifications parallel the requirements listed under Rule 201.21 of the guidelines and direct a finding of not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.21. Thus, the ALJ's analysis at the fifth-step and her exclusive reliance on the Medical-Vocational guidelines was correct.

Based on the record as a whole, the ALJ's decision that Plaintiff is not disabled and can perform the full range of sedentary work is supported by substantial evidence in the record.

## CONCLUSION

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied and the Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                         s/Michael A. Telesca
                                             MICHAEL A. TELESCA
                                 United States District Judge

DATED:    Rochester, New York
             June 10, 2009